IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                Plaintiff,

    v.

TIMOTHY WHITEAGLE, CLARENCE
PETTIBONE, and DEBORAH ATHERTON,

                Defendants.

ORDER

11-cr-00065-wmc

In ruling on the parties' motions in limine in a July 19, 2012 order (dkt. #148) the court ruled that evidence regarding the Ho-Chunk Nation's gift-giving tradition and cultural norms would be excluded from trial absent defendant Timothy Whiteagle making a proffer of the specific evidence he wishes to present outside the presence of the jury no later than July 19th. Whiteagle has filed a response in an effort to make these proffers. In this order, the court considers Whiteagle's attempted proffers and the government's response.

A. **Expert testimony concerning gift-giving as a tradition or cultural norm of the Ho-Chunk Nation.**

To the extent Whiteagle intended to proffer Preston Thompson's undated letter as a summary of expert testimony under Fed. R. Evid. 702 and *Daubert,* he wholly fails. First, the entire description of Thompson's expertise is as a "retired Television Broadcast Engineer and a linguist," "judge with the Ho-Chunk Nation Traditional Court" and being "born with language of Ho-Chunk and understand[ing] those esoteric values of my

people."   Even if the Ho-Chunk "gift giving tradition and cultural norms" were a generally accepted area of expertise, Whiteagle's terse description of Thompson's "expertise" would apply to just about any elder within the Ho-Chunk Nation.  Second, the proffer offers nothing amounting to expert opinion.  At most, some of this may be fact, lay opinion and character evidence.  As such, Thompson will be allowed to testify briefly about gift-giving and family structure in the Ho-Chunk culture as outlined in Thompson's letter to the court and narrowly as to Whiteagle's character if admissible under Fed. R. Evid. 404(a)(1).  (Dkt. #146, Exh. 1.)  Niether Thompson, nor any other witness, will be allowed to give opinion testimony on whether Whiteagle's or Clarence Pettibone's specific actions conformed to those cultural norms.

Consistent with the court's previous rulings on the parties' motions in limine, other lay testimony will be narrowly allowed to the extent that such testimony is relevant to Whiteagle's defense that he intended his actions constitute innocent gift-giving rather than bribery.  Also consistent with the court's earlier ruling, testimony will be allowed suggesting that quid pro quo arrangements are a part of Ho-Chunk culture.

### B. **Ho-Chunk Code of Ethics and Role of Traditional Court**

Because the government has opened the door to discussion of the Ho-Chunk Nation's Code of Ethics Act, the court will take judicial notice and Whiteagle will be allowed to introduce his own excerpts of the code as set forth in his proffer.  (Dkt. #146, Exh. 5.)   However, evidence of the Ho-Chunk Traditional Court's April 2009 interpretation of the Code of Ethics as proffered in Whiteagle's response to the July 19 order (Dkt. #146, Exh. 3) will be excluded since it post-dates all relevant actions by

Whiteagle and could not have been relied upon or informed his understanding of permissible conduct under the Code.  Moreover, the language of the memo could be misconstrued as condoning at least a form of bribery.  Absent some showing of relevance, evidence of the Ho-Chunk Nation's Judiciary structure and practices will be similarly excluded.

Consistent with the court's previous rulings, Whiteagle will also not be allowed to present evidence suggesting that the Ho-Chunk Code of Ethics allows agreements for the giving of gifts in exchange for legislative favors; nor may he argue that the Code of Ethics or Traditional Court supersedes the federal corruption statute Whiteagle is charged with violating.  He will only be allowed to bring evidence in an effort to show that he did not act with a corrupt state of mind in performing the actions charged in the indictment.


ORDER

IT IS ORDERED that the court's previous rulings on the parties' motions in limine are supplemented as stated above.

Entered this 20th day of July, 2012.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge